

September 6, 2023

**_Via_ ECF**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

      Re:    *Novoa v. Commissioner of the FL State Board of Education, et al.*,
                No. 22-13994, Plaintiffs-Appellees' Notice of Supplemental Authority

Dear Mr. Smith:

      Under Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellees Adriana Novoa, Samuel Rechek, and the First Amendment Forum at the University of South Florida bring the Court's attention to the Second Circuit's recent decision in *Heim v. Daniel*. There, the Second Circuit joined the Fourth, Fifth, Sixth, and Ninth Circuits in holding that *Garcetti*'s "official duties" framework does not apply to speech related to scholarship or teaching in higher education. No. 22-1135-CV, 2023 WL 5597837, at *12 (2d Cir. Aug. 30, 2023). *Heim*'s holding is just one more refuting the State's insistence that *Garcetti*'s "official duties" framework applies to speech related to scholarship or teaching. A copy of the *Heim* decision is attached.

      As the Second Circuit explained, "*Garcetti*'s bar on First Amendment protection for any 'official-duty' speech would . . . have the effect of exiling all public-university faculty scholarship and instruction from the shelter of the First Amendment." *Id.* at *11. Such an outcome "cannot be squared with the Supreme Court's long-professed, 'deep[] commit[ment] to safeguarding academic freedom' as 'a special concern of the First Amendment.'" *Id.* at *12 (citation omitted). Rather than permit professors to "speak freely, guided by their own professional expertise, on subjects within their academic disciplines[,]" the Stop Woke Act puts professors' livelihoods on the line for simply endorsing a debated concept like affirmative action. Appellees' Br. 5; 2023 WL 5597837, at *11 (citation omitted).

      The Second Circuit's opinion supports Plaintiffs' position that speech related to scholarship or teaching is not government speech subject to *Garcetti*'s "official duties" framework. Appellees' Br. 40–46. Because "a professor's academic

David J. Smith; Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
September 6, 2023
Page 2 of 2

speech is anything but speech by an ordinary government employee, . . . *Garcetti* does not—indeed, consistent with the First Amendment, cannot—apply to [a public university professor's] teaching and academic writing[.]" 2023 WL 5597837, at *12 (citations omitted).

Like the Second, Fourth, Fifth, Sixth, and Ninth Circuits, this Court should hold that *Garcetti*'s "official duties" framework does not apply to speech related to scholarship or teaching in higher education.

Sincerely,

*[signature]*

Greg Harold Greubel
IA Bar No. 201452; PA Bar No. 321130;
NJ Bar No. 171622015; CA Bar No. 343028
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
Tel: (215) 717-3473, ext. 230
greg.greubel@thefire.org

*Attorney for Plaintiffs-Appellees Adriana Novoa, Sam Rechek, and the First Amendment Forum.*

cc:    All Counsel of Record via ECF

Encl. *Heim v. Daniel*, No. 22-1135-CV, 2023 WL 5597837 (2d Cir. Aug. 30, 2023).

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on September 6, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:    September 6, 2023

/s/ Greg H. Greubel
Greg H. Greubel