# Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

September 13, 2023

**Via CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE:   *Adriana Novoa v. Manny Diaz, Jr.*, No. 22-13994 (11th Cir).

Dear Mr. Smith:

Appellees offer *Heim v. Daniel*, No. 22-1135, 2023 WL 5597837 (2d Cir. Aug. 30, 2023), for the proposition that their claims are governed by *Pickering v. Board of Education*, 391 U.S. 563 (1968), rather than *Garcetti v. Ceballos*, 547 U.S. 410 (2006). But the Second Circuit said it was merely following its "pre-*Garcetti* authority in cases involving scholarship and teaching by professors at public universities." *Heim*, 2023 WL 5597837, at *11. And here, *this* Court's "pre-*Garcetti* authority" regarding "professors at public universities," *id.*, dooms Plaintiffs' claims.

In *Bishop v. Aronov*, 926 F.2d 1066, 1078 (11th Cir. 1991), this Court held that a university "necessarily has dominion over what is taught by its professors and may so manage them." Therefore, when a professor and a university "disagree about a matter of content in the courses he teaches," the university "must have the final say in such a dispute." *Id.* at 1076. Even if *Heim* were correct in refusing to apply *Garcetti* in this context, *Bishop*'s clear holding would govern here, and it forecloses Plaintiffs' claims.

In any event, *Heim*'s holding that *Garcetti* does not apply to classroom instruction in public universities is wrong, for multiple reasons. First, *Heim* turned

on the court's view that "professors at public universities are paid" primarily "to speak freely, guided by their own professional expertise." *Heim*, 2023 WL 5597837, at *11. But deciding what public employees, including professors, "are paid" to do is a question for their *employer*—the State and its voters—not for federal judges. *Bishop*, 926 F.2d at 1075 ("Federal judges should not be ersatz deans or educators.") Second, the court assumed that "experts" at universities, *Heim*, 2023 WL 5597837, at *16, hold more power to regulate the curriculum at public universities than "state or other governmental" "officials," *id.* at 17. But this proposition "is antithetical to any proper understanding of State sovereignty." Doc. 60 at 12 (cleaned up).

Lastly, as Defendants have explained, Plaintiffs' claims fail even under *Pickering* balancing, because permitting public educators to contradict the State's prescribed curriculum would subvert the teacher's classroom duties. *See* Doc. 60 at 17.

Respectfully Submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Federal Rule of Appellate Procedure 28(j) because the body, including footnotes, contains 349 words.

Dated: September 13, 2023             /s/Charles J. Cooper
                                      Charles J. Cooper
                                      *Counsel for Defendants-Appellants*

*Pernell, et al. v. Lamb, et al., Novoa, et al. v. Diaz, et al.*
Nos. 22-13992 & 22-13994

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in this appeal are, to the best of my knowledge, complete.

Dated: September 13, 2023              Respectfully submitted,

<u>/s/Charles J. Cooper</u>
Charles J. Cooper
*Counsel for Defendants-Appellants*