FIRE
Foundation for Individual Rights and Expression

March 20, 2024

***Via* ECF**
David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994, Plaintiffs-Appellees' Notice of Supplemental Authority

Dear Mr. Smith:

On behalf of Plaintiff-Appellees Adriana Novoa, Samuel Rechek, and the First Amendment Forum at the University of South Florida, we write under Rule 28(j) concerning the Court's decision in *Honeyfund.com, Inc. v. Governor*, No. 22-13135 (11th Cir. March 4, 2024) (*Honeyfund*) (attached).

*Honeyfund* holds that the provisions of the Stop WOKE Act applicable to employers, Fla. Stat. § 760.10(8), violate the First Amendment because the Act is viewpoint discriminatory. *Honeyfund* at 20. The State "has no compelling interest in creating a per se rule that some speech, regardless of its context or the effect it has on the listener, is offensive and discriminatory." *Id.* at 16. Even if it served a compelling interest, "its breadth" dooms it because it bans a "wide" range of viewpoints "even when no one listening finds it offensive," establishing a "per se ban on speech the state disagrees with." *Id.* at 17–18, 20.

The Act imposes the same per se ban on university classrooms, declaring endorsement of any of the concepts constitutes discrimination. Fla. Stat. § 1000.05(4). As with private employers, professors like Dr. Novoa face "steep" penalties (*Honeyfund* at 5), even when students wish to debate her views. *Honeyfund* observes that whatever the "nature of the ideas [Florida] targets," their "merits . . . will be decided in the clanging marketplace of ideas rather than a codebook or a courtroom." *Honeyfund* at 3. That "clanging marketplace" is fostered in university classrooms much more so than private employee training sessions, and curricular decisions may not be made in a viewpoint-discriminatory manner. *Searcey v. Harris*, 888 F.2d 1314, 1325 (11th Cir. 1989). Because the Act imposes that

same viewpoint-discriminatory "pall of orthodoxy" over the university classroom, its provisions relating to higher education violate the First Amendment. *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967).

Sincerely,

Adam Steinbaugh
CA Bar No. 304829; PA Bar No. 326475
Greg H. Greubel
PA Bar No. 321130; NJ Bar No. 171622015;
CA Bar. No. 343028; IA Bar No. 201452
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19106
Tel: (215) 717-3473, ext. 213
adam@thefire.org
greg.greubel@thefire.org

*Attorneys for Plaintiffs-Appellees Adriana Novoa, Sam Rechek, and the First Amendment Forum.*

cc: All Counsel of Record via ECF

Attachment: *Honeyfund.com, Inc. v. Governor*, No. 22-13135 (11th Cir. March 4, 2024).

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on March 20, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 20, 2024

/s/ Adam Steinbaugh .
Adam Steinbaugh