# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

1523 New Hampshire Avenue, N.W.

Washington, D.C. 20036

Charles J. Cooper

ccooper@cooperkirk.com

(202) 220-9600

Fax (202) 220-9601


March 25, 2024

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE: *Adriana Novoa v. Manny Diaz, Jr.*, No. 22-13994 (11th Cir).

Dear Mr. Smith:

Appellees contend their claims against the IFA's regulation of instruction in Florida's *schools* are supported by the recent decision of this Court in *Honeyfund.com, Inc. v. Governor*, No. 22-13135 (11th Cir. March 4, 2024), which upheld a preliminary injunction against the IFA's separate provisions governing *workplace* trainings by private employers. *Honeyfund* is entirely irrelevant to this case. Indeed, the Court need look no further than *the opinion itself*, which explicitly states at the outset that "nothing in this opinion should be construed as addressing" the provisions of the Act relating to "public-school instruction," which were "not the subject of this appeal." Slip Op. at 3 n.1. *Honeyfund* does not discuss at all the government-speech doctrine, this Court's controlling decision in *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991), Appellees' vagueness claims, or any of the other contested issues in this appeal. Instead, the bulk of *Honeyfund*'s analysis relates to the question whether the IFA's private-employer provisions regulate protected speech or non-expressive conduct. That question has no bearing whatsoever on this appeal.

Appellees grasp at some of the passages from *Honeyfund*'s strict-scrutiny analysis, intoning that Florida "has no compelling interest in creating a per se rule that some speech, regardless of its context or the effect it has on the listener, is

offensive and discriminatory," and that the IFA's purported " 'breadth' dooms it" under narrow tailoring. Doc. 79-1 at 1 (quoting Slip Op. at 16, 17). But that language is not relevant in this case either, since as explained in our briefing, the IFA's education provisions are subject to the standard of review set forth in *Bishop*, not strict scrutiny. *See* Doc. 26 at 43–45. And even apart from *Bishop, Honeyfund*'s application of strict scrutiny does not control here, since the State's interest in keeping its professors from teaching invidiously discriminatory ideas in Florida's classrooms is quite different from its interest in preventing workplace discrimination—which is likely why the *Honeyfund* panel took pains to prevent its opinion from being "construed as addressing" this case. Slip Op. at 3 n.1.

Respectfully Submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper
*Counsel for Defendants-Appellants*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this letter complies with Federal Rule of Appellate Procedure 28(j) because the body, including footnotes, contains 345 words.

Dated: March 25, 2024

/s/Charles J. Cooper
Charles J. Cooper
*Counsel for Defendants-Appellants*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in this appeal are, to the best of my knowledge, complete.

Dated: March 25, 2024

Respectfully submitted,

/s/Charles J. Cooper
Charles J. Cooper
*Counsel for Defendants-Appellants*