# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

1523 New Hampshire Avenue, N.W.

Washington, D.C. 20036

Charles J. Cooper

ccooper@cooperkirk.com

(202) 220-9600

Fax (202) 220-9601


March 19, 2025

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE: *Novoa v. Commissioner of the Florida State Board of Education*, No. 22-13994 (11th Cir.), Plaintiff-Appellees' March 17, 2025, Notice of Supplemental Authority

Dear Mr. Smith:

Appellees highlight *Kilborn v. Amiridis*, No. 23-3196, 2025 WL 783357 (7th Cir. 2025), which, they say, shows that *Garcetti v. Ceballos*, 547 U.S. 410 (2006), does not apply to university professors. But this Court's decision in *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991), controls, and no out-of-circuit precedent can change that.

*Bishop* held that a university "necessarily has dominion over what is taught by professors and may so manage them." *Id.* at 1078. Therefore, when a professor and a university "disagree about a matter of content in the courses he teaches," the university "must have the final say in such a dispute." *Id.* at 1076. That holding correctly anticipated *Garcetti*, and it forecloses Plaintiffs' claims.

Even on its own terms, *Kilborn* is far from persuasive. The Seventh Circuit's cursory analysis appears to elevate the Supreme Court's *reservation* of the question whether *Garcetti* applies to university professors' in-class speech into a *holding* that it does not. *See* 2025 WL 783357 at *4 (*Garcetti* "made clear that [the] decision did not extend to" teaching, and it "singl[ed] out the public university setting from an otherwise generally applicable rule."). That reasoning is wrong, and this Court

should not follow it. *See Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1333 (11th Cir. 2023). Nor did the Seventh Circuit panel engage with any of the principles underlying the government-speech doctrine that call for applying *Garcetti* to professors' in-class speech. *See* Doc. 45 at 26-31. Moreover, Plaintiffs' claims fail under *Pickering v. Board of Education*, 391 U.S. 563 (1968), in any event. *See* Doc. 100 at 17.

Finally, Appellees vastly overstate the extent to which other circuits have applied the government-speech doctrine to university professors' in-class speech—asserting that the other circuits are unanimous in holding that such speech is protected under the First Amendment. As Appellants have previously explained, applying *Garcetti* to the in-class curricular speech at issue here would be consistent with the outcomes in the Fourth, Fifth, and Sixth Circuits. *See* Doc. 100 at 16-17.

Respectfully Submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper

*Counsel for Defendants-Appellants*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 336 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: March 19, 2025

/s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on March 19, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: March 19, 2025

/s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendants-Appellants*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Circuit Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in these appeals are, to the best of my knowledge, complete.

Dated: March 19, 2025

Respectfully submitted,

/s/Charles J. Cooper
Charles J. Cooper

*Counsel for Defendant-Appellants*