# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

1523 New Hampshire Avenue, N.W.

Washington, D.C.  20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

July 8, 2025

<u>**Via CM/ECF**</u>

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE:   <u>***Pernell, et al. v. Lamb, et al.***, No. 22-13992, and *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994, Defendants-Appellants' Notice of Supplemental Authority</u>

Dear Mr. Smith:

Defendants-Appellants bring to the Court's attention this Court's recent decision in *Wood v. Florida Dep't of Education*, No. 24-11239, 2025 WL 1819099 (11th Cir. July 2, 2025). *Wood* held that under *Garcetti v. Ceballos*, 547 U.S. 410 (2006), a public-high-school teacher's use of gendered pronouns in the classroom was speech pursuant to the teacher's official duties and thus not constitutionally protected from State regulation.

As *Wood* explained, "[w]hen a public school teacher addresses . . .  students within the four walls of a classroom—whether orally or in writing—[the teacher] is unquestionably acting pursuant to [the teacher's] official duties" because "[i]nteracting with students during class time, quite literally, *is* a teacher's official duty." 2025 WL 1819099, at *3 (brackets and internal quotations omitted). And "[w]hen a public-school teacher speaks in the course of performing [his or] her job," the teacher "does so pursuant to [the teacher's] official duties and therefore speaks as a government employee, not a citizen." *Id.* at *4.

While *Wood* concerned high-school instruction, its analysis is not limited to that context, and that analysis resolves this appeal. The Individual Freedom Act

applies to "in-class instruction provided by university professors." Doc. 45 at 17. As *Wood* demonstrates, that is the heartland of the professors' official duties. Notably, even the dissenting opinion in *Wood* (at *10) acknowledged that this Court's decision in *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991), governs the analysis for such "curricular" speech. *Garcetti*, *Bishop*, and now *Wood* all show that the Court must reverse.

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper
*Counsel for Defendants-Appellants*

Cc: All counsel of Record via ECF

Encl. *Wood v. Florida Dep't of Education*, No. 24-11239, 2025 WL 1819099 (11th Cir. July 2, 2025)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the type-volume limitations of

FED. R. APP. P. 28(j) because the body of this letter contains 255 words.


Dated: July 8, 2025                    /s/Charles J. Cooper
                                       Charles J. Cooper
                                       *Counsel for Defendants-Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on July 8, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 8, 2025

/s/Charles J. Cooper
Charles J. Cooper
*Counsel for Defendants-Appellants*