FIRE
Foundation for Individual
Rights and Expression

July 11, 2025

***Via* ECF**
Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994

Dear Mr. Smith:

Novoa Appellees hereby respond to Appellants' July 8, 2025, Rule 28(j) letter, which ignores how the First Amendment limits governmental authority over public university professors' in-class instruction. Contrary to Appellants' claim, *Wood v. Florida Department of Education* is inapposite here because it involves a public grade school teacher. ECF 96-1 at 1 (citing 2025 WL 1819099 (11th Cir. July 2, 2025)).

University professors have fundamentally different roles compared to grade school teachers. Rather than teaching children "boundaries of socially appropriate behavior," *Bethel Sch. Dist. v. Fraser*, 478 U.S. 675, 681 (1986), university faculty educate adults "through wide exposure to that robust exchange of ideas which discovers truth 'out of a multitude of tongues[.]'" *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967). This Court and the Supreme Court have recognized the different First Amendment interests in public universities and grade schools. *See, e.g., Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1127 n.6 (11th Cir. 2022) (noting "academic freedom in a university setting is 'a special concern of the First Amendment, which

does not tolerate laws that cast a pall of orthodoxy over the classroom'") (quoting *Keyishian*, 385 U.S. at 603).

Although *Wood* discusses *Garcetti v. Cebellos*, 547 U.S. 410 (2006), *Wood* does not address how *Garcetti* left open whether its framework applies to public university faculty instruction given the "important ramifications for academic freedom," *id.* at 425, and the dissent's concern over "imperil[ing] First Amendment protection" of it. *Id.* at 438 (Souter, J., dissenting). Every Court of Appeals to consider the issue has rejected *Garcetti*'s official duties framework for public university faculty scholarship and teaching. *See* Appellees' Br. 42; *Heim v. Daniel*, 81 F.4th 212, 227 (2d Cir. 2023); *Kilborn v. Amiridis*, 131 F.4th 550, 558 (7th Cir. 2025).

In attempting to stretch *Wood*, Appellants ignore the "case-by-case" balancing this Court applied to the public university professor's classroom speech in *Bishop v. Aronov*, 926 F.2d 1066, 1072, 1074–75 (11th Cir. 1991). Nothing in *Wood* undermines the district court's correct ruling, and the First Amendment bars the state from drawing a false equivalence between grade schools and universities.

Sincerely,



Greg Harold Greubel
IA Bar No. AT0015474; PA Bar No. 321130;
NJ Bar No. 171622015; CA Bar No. 343028
FOUNDATION FOR INDIVIDUAL
RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19106

Tel: (215) 717-3473, ext. 230
greg.greubel@thefire.org

*Attorney for Plaintiffs-Appellees Adriana Novoa, Sam Rechek, and the First Amendment Forum*

cc: All Counsel of Record via ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 350 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared using Microsoft Word in 14-point Chronicle Office font.

*/s/ Greg Harold Greubel*
Greg Harold Greubel

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on July 11, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Greg Harold Greubel*
Greg Harold Greubel

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in these appeals are, to the best of my knowledge, complete.

*/s/ Greg Harold Greubel*
Greg Harold Greubel