FIRE
Foundation for Individual Rights and Expression

September 9, 2025

***Via* ECF**
Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994

Dear Mr. Smith:

*Novoa* Appellees respond to Appellants' September 1, 2025, letter regarding the decision in *Simon v. Ivey*, No. 2:25-cv-67, 2025 WL 2345845 (N.D. Ala. Aug. 13, 2025), the first to hold professors engage in government speech. This Court should not be the first Circuit to adopt this conclusion, which effectively removes the First Amendment from the college classroom.

Appellants argue *Simon* "completely dismantles" the opinion below here and urge this Court to adopt *Simon*'s conclusion that "*Bishop* authoritatively decided that professors do not have a First Amendment right to override their employer's decisions about … classroom instruction." 2025 WL 2345845, at *62 (discussing *Bishop v. Aronov*, 926 F.2d 1066 (11th Cir. 1991)). Appellants and the *Simon* court incorrectly read *Bishop* as creating a rule that "Professors' in-class instruction constitutes government speech." *Id.* at *58. *Bishop* explicitly stopped short of that by crafting a balancing test accommodating "the strong predilection for academic freedom as an

adjunct of the free speech rights of the First Amendment." 926 F.2d at 1075.

*Simon*'s conclusion that professors speak for the government countermands *Bishop*'s plain text and core precedent that "academic freedom … in a university setting is a special concern of the First Amendment, which does not tolerate laws that cast a pall of orthodoxy over the classroom." *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1127 n.6 (11th Cir. 2022) (quoting *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967)). Courts nationwide uniformly recognize the "free exchange of ideas in the college classroom is unlike that in other public workplace settings." *Meriwether v. Hartop*, 992 F.3d 492, 507 (6th Cir. 2021). The First Amendment protects this unique environment to ensure the State does not "wield alarming power to compel ideological conformity." *Id.* at 506. That's why the Supreme Court excluded "the public university setting from an otherwise generally applicable rule" in *Garcetti*. *Kilborn v. Amiridis*, 131 F.4th 550, 557 (7th Cir. 2025).

*Simon* stands as a clear outlier. The Second, Fourth, Fifth, Sixth, Seventh, and Ninth Circuits agree: professors should not serve as State mouthpieces. This Court should follow suit and affirm.

Sincerely,

Greg Harold Greubel
IA Bar No. AT0015474; PA Bar No. 321130;
NJ Bar No. 171622015; CA Bar No. 343028
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900

Philadelphia, Pennsylvania 19106
Tel: (215) 717-3473, ext. 230
greg.greubel@thefire.org

*Attorney for Plaintiffs-Appellees Adriana Novoa, Sam Rechek, and the First Amendment Forum*

cc: All Counsel of Record via ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 348 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared using Microsoft Word in 14-point Chronicle Office font.

*/s/ Greg Harold Greubel*

Greg Harold Greubel

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on September 9, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Greg Harold Greubel*

Greg Harold Greubel

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1, I certify that the Certificates of Interested Persons contained in the previous briefs that have been filed in these appeals are, to the best of my knowledge, complete.

*/s/ Greg Harold Greubel*

Greg Harold Greubel