# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

1523 New Hampshire Avenue, N.W.

Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601


December 30, 2025

**<u>Via CM/ECF</u>**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

RE: *Pernell, et al. v. Lamb, et al.*, No. 22-13992, and *Novoa v. Commissioner of the FL State Board of Education, et al.*, No. 22-13994, Defendants-Appellants' Response to Plaintiffs-Appellees' Notice of Supplemental Authority

Dear Mr. Smith:

Pursuant to FRAP 28(j), Defendants-Appellants respond to explain why the Court should reject the Ninth Circuit's analysis in *Reges v. Cauce*, No. 24-3518, 2025 WL 3685613 (9th Cir. Dec. 19, 2025). First, the panel was not bound by, and thus did not apply, *Bishop v. Aronov*, which held that "[t]he University necessarily has dominion over what is taught by its professors and may so manage them." 926 F.2d 1066, 1078 (11th Cir. 1991).

Moreover, the government-speech analysis in *Reges* brings into sharp relief the overarching question presented here: Does the First Amendment really place university professors, as the "'priests of democracy,'" App.426—above *every other* public employee—endowing them alone with a special privilege that overrides the settled principles of the government-speech doctrine? Or do States—to whom the "traditional role in the formulation and execution of educational policy" belongs, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 208 n.30 (1982)—determine what is taught in their classrooms? Under the viewpoint-neutral principle of the government-speech doctrine, the States—whether Florida or Washington, Red or Blue—are entitled to

determine what their professor-employees say, and not say, in State classrooms in return for a State paycheck.

The doctrine thus eliminates any obligation (and temptation) of federal judges to superintend public universities. As *Bishop* cautioned: "Federal judges should not be ersatz deans or educators." 926 F.2d at 1075. Yet the *Reges* panel, in accord with Plaintiffs-Appellees' proposed rule, spent dozens of pages analyzing one sentence in one syllabus issued by one computer-science professor.

Finally, *Reges*'s flawed analysis demonstrates why *Shurtleff's* "holistic inquiry" for distinguishing government from private speech is inapplicable here. *Shurtleff v. City of Boston*, 596 U.S. 243, 252 (2022). *Reges* opined that the professor "was speaking in his own capacity as a professor, and not on behalf of his employer." 2025 WL 3685613, at *10. But when "speaking in his own capacity as a professor," he was by definition speaking "on behalf of the university." That is his job, after all. In a state-university classroom, therefore, it is government speech. *Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006).

Respectfully Submitted,

*/s/ Charles J. Cooper*

Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Defendants-Appellants*

cc: All Counsel of Record via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of FED. R. APP. P. 28(j) because the body of this letter contains 348 words.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: December 30, 2025

*/s/Charles J. Cooper*
Charles J. Cooper

*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on December 30, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 30, 2025

*/s/Charles J. Cooper*
Charles J. Cooper

*Counsel for Defendants-Appellants*